IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

SUSAN T. BURROUGHS,  Civ. No. 04-1019-AA
OPINION AND ORDER
      Plaintiff,

  vs.

MICHAEL R. SHINN,

      Defendant.

---

Sara Allen
Hohbach Allen LLP
4000 Kruse Way Place, Bldg. 2, Suite 340
Lake Oswego, Oregon 97035
   Attorney for plaintiff

Thomas E. Cooney
David J. Madigan
Cooney & Crew, LLP
4949 Meadows Road, Suite 460
Lake Oswego, Oregon 97035
   Attorneys for defendant

AIKEN, Judge:

    At issue are cross-motions for summary judgment as well as a motion for sanctions filed by the defendant. Plaintiff's summary judgment motion is granted in part and denied in part; defendant's summary judgment motion is granted in part and denied in part; and defendant's motion for sanctions is denied.

///

1 - OPINION AND ORDER

BACKGROUND

Plaintiff alleges legal malpractice against defendant based on an underlying personal injury claim which plaintiff alleges resulted from the September 7, 1999 assault by her former husband. Plaintiff alleges the assault exacerbated numerous pre-existing medical conditions and herniated two discs in her neck resulting in her complete disability to practice law, her occupation prior to the assault. Plaintiff alleges the underlying assault and defendant's alleged professional negligence damaged her in the amount of $3.5 million.

Specifically, plaintiff contacted the defendant in January 2001 about bringing a civil action against plaintiff's former spouse, Greg Schiedler, relating to the September 1999 assault. On March 16, 2001, plaintiff signed a Contingency Fee Agreement (the Agreement) with defendant. On July 17, 2001, plaintiff sent a letter to the defendant expressing her concern that the statute of limitations on her claims against Schiedler will run on September 7, 2001, and that Schiedler will probably contest service so that defendant will need to have Schiedler personally served.

On September 5, 2001, defendant filed in the United States District Court for the District of Oregon, on behalf of plaintiff, a civil action against Schiedler. Defendant alleges that by the end of September or early October 2001, plaintiff was aware that service had not been effectuated on Schiedler. Defendant alleges that after early October 2001, plaintiff periodically contacted defendant's office to check on the status of her lawsuit.

2 - OPINION AND ORDER

In the "early months of 2003" plaintiff spoke with defendant's legal assistant, Kari Morando, who informed plaintiff that Schielder had not been served because she (Morando) had forgot to send it out for service. Plaintiff then spoke to her cousin, an Alabama attorney, and Karen Turner, a clerk for the United States District Court for the Southern District of Alabama, about the effect of failure to serve Schiedler. Plaintiff states that both her cousin and Turner advised her to "serve him anyway." Plaintiff then recalls contacting defendant either via a written letter or electronic mail advising him to serve Schielder "anyway."

Sometime in February or March 2002, defendant had a telephone conversation with plaintiff and informed plaintiff that he had failed to serve a copy of the summons and complaint on Schiedler in the time allowed by law, and he had missed the statute of limitations. Plaintiff then suggested to defendant that he file an amended complaint in an attempt to "cure" the statute of limitations (SOL) problem. Defendant stated that he would conduct research on this issue. After conducting research, defendant determined that filing an amended complaint would not cure the SOL problem, and it would be fruitless to continue to work on the case.

Plaintiff filed the complaint at bar on July 26, 2004. Plaintiff alleges three claims against the defendant, they are: (1) professional negligence; (2) breach of contract; and (3) fraud.

///
///

3 - OPINION AND ORDER

STANDARDS

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Substantive law on an issue determines the materiality of a fact. T.W. Electrical Service, Inc. v. Pacific Electrical Contractors Assoc., 809 F.2d 626, 630 (9th Cir. 1987). Whether the evidence is such that a reasonable jury could return a verdict for the nonmoving party determines the authenticity of a dispute. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The moving party has the burden of establishing the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). If the moving party shows the absence of a genuine issue of material fact, the nonmoving party must go beyond the pleadings and identify facts which show a genuine issue for trial. Id. at 324.

Special rules of construction apply when evaluating summary judgment motions: (1) all reasonable doubts as to the existence of genuine issues of material fact should be resolved against the moving party; and (2) all inferences to be drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party. T.W. Electrical, 809 F.2d at 630.

DISCUSSION

Defendant admits that he failed to accomplish service of the summons and complaint on Greg Schiedler and failed to commence

the civil action within the time allowed by Oregon law. Plaintiff asserts that as a result of defendant's failure to commence her action in a timely fashion, she has been damaged in the amount of $3.5 million. Defendant moves for summary judgment on two issues, as follows: (1) whether plaintiff commenced her action against defendant within the time allowed by law; and (2) whether the fee agreement between plaintiff and defendant is sufficient to satisfy the requirements of Oregon law to constitute a breach of contract claim.

1. <u>Breach of Contract Claim</u>

The parties cross-move for summary judgment on plaintiff's breach of contract claim. Defendant's motion is granted and this claim is dismissed.

The Contingent Fee Agreement between plaintiff and defendant relied upon by the plaintiff for her breach of contract claim provides that plaintiff retains and employs defendant to prosecute or settle all claims for damages sustained by plaintiff as a result of injury incurred on September 7, 1999. <u>See</u> Defendant's Ex. A. The Agreement does not provide any specific provision as to the standard of skill and care to be exercised by defendant, nor does the Agreement articulate the performance expected by plaintiff and promised by defendant. Plaintiff alleges that the defendant failed to exercise the "minimum standard for ethical practice and conduct of members of the State Bar of the State of Oregon and/or United States District Court for the District of Oregon" in handling her case. Complaint, ¶ 12.

///

5 - OPINION AND ORDER

Defendant asserts that the breach alleged by plaintiff is not a specific standard spelled out in the Agreement, but rather is a professional standard required by defendant independent of the Agreement. Defendant's conduct was governed by the Oregon Code of Professional Responsibility, DR 6-101 Competence and Diligence, which provides:

> (A) A lawyer shall provide competent representation to a client. Competent representation requires the legal knowledge, skill, thoroughness and preparation reasonably necessary for the representation.
>
> (B) A lawyer shall not neglect a legal matter entrusted to the lawyer.

Id.

Defendant asserts that plaintiff's complaint alleges that defendant breached a duty governed by the Oregon Code of Professional Responsibility, not a duty that was specified in the Agreement. Therefore, there can be no breach of contract claim based on that Agreement. I agree and find that the duties alleged to have been breached are independent of the Agreement. Like the court in McComas, I find that any promises by the defendant to reinstate plaintiff's case, were gratuitous and created no contractual duty. McComas v. Bocci, 166 Or. App. 150, 996 P.2d 506 (2000). Defendant's alleged promises were made months after the Contingent Fee Agreement was entered into. Moreover, I find no allegations by plaintiff, or evidence in the record, that these alleged promises were supported by any consideration other than the original Contingent Fee Agreement. Summary judgment is therefore granted for the defendant as to plaintiff's breach of contract claim. Plaintiff's breach of contract claim is dismissed.

2. Statute of Limitations

The parties next cross-move for summary judgment on plaintiff's claims for negligence and fraud. Defendant asserts that these claims are barred by the applicable statute of limitations, while plaintiff asserts that she is entitled to judgment on these claims as matter of law.

Plaintiff's common law negligence and fraud claims arise under Oregon law and are controlled by Oregon's tort SOL. "[In] a diversity case, substantive issues are controlled by state law and procedural issues are controlled by federal law." Erie R. Co. v. Tomkins, 304 U.S. 64 (1938). "[S]tate law determines when an action is commenced for statute of limitations purposes." Walker v. Armco Steel Corp., 446 U.S. 740, 751 (1980). Here, Oregon law determines when plaintiff commenced her action for SOL purposes.

Plaintiff had two years from the date she learned defendant had failed to accomplish service upon her former husband to commence her legal malpractice and fraud action against defendant. Cairns v. Dole, 195 Or. App. 742, 745, 99 P.3d 781 (2004)("a claim for legal malpractice is subject to the two-year statute of limitations set forth in ORS 12.110(1).). A claim of either fraud or legal malpractice accrues when the plaintiff is, in fact, harmed and knows, or in the exercise of reasonable care, should know that the damage suffered was caused by the defendant's tortuous conduct. Id.

The issue before this court is when did plaintiff know or should have known that defendant failed to timely accomplish service of the summons and complaint on Mr. Schiedler. Defendant

7 - OPINION AND ORDER

argues that plaintiff knew or should have known no later than April 2002. Defendant's evidence is his own recollection that he had a conversation with plaintiff wherein he informed her that he had missed the SOL deadline and failed to serve Mr. Schiedler a copy of the summons and complaint. Affidavit of defendant, ¶ 9. Defendant then recalls that in this same conversation or a subsequent conversation with plaintiff, plaintiff suggested to defendant that he file an amended complaint. Id. at ¶ 10. Defendant states that plaintiff thought an amended complaint would cure the SOL problem, so he told plaintiff he would research the issue. Id. After researching the issue and concluding that an amended complaint would not cure the SOL issue, defendant communicated this information to the plaintiff sometime in March or April 2002. Id.

Plaintiff filed her action on July 26, 2004. Defendant was served with a copy of the summons and complaint on November 3, 2004, 100 days after the complaint was filed. Because the summons and complaint were served on defendant more than 60 days after the complaint was filed, plaintiff's action is deemed commenced on November 3, 2004. ORS 12.020 (if service of the summons and complaint is accomplished more than sixty days after filing of the complaint, commencement of the action is the date of service of the summons and complaint). Defendant argues that plaintiff's claim should have been filed by April 2004 and was not filed until nearly seven months later, November 3, 2004. Therefore, defendant argues, plaintiff's claims of negligence and fraud are untimely and barred by the statute of limitations.
///

8 - OPINION AND ORDER

1     Plaintiff responds that she did not learn until April 3,
2 2003, that her lawsuit against Mr. Schiedler was barred due to
3 lack of timely service. Plaintiff's Affidavit, ¶ 20.
4 Plaintiff's recollection differs from defendant's as she
5 maintains that as late as June and July 2002, defendant
6 represented that he would amend the complaint and effect service.
7 Further, on October 24, 2002, plaintiff states that defendant's
8 legal assistant, Kari Morando, admitted that the complaint had
9 never been served, however, Morando allegedly told plaintiff that
10 she would send it out for service.
11     Defendant asserts that he -

> made it clear to plaintiff that I was not going to
> work any further on the case because the
> statute of limitations problem made it a fruitless
> endeavor. I also told plaintiff that at some point
> the court would dismiss her case against Greg
> Schiedler for lack of prosecution. Normally, I would
> have written a letter to the client conforming
> our discuss [sic] about an important issue such as
> missing the statute of limitations and the effective [sic]
> it has on the client's case. Because plaintiff was
> an attorney with extensive trial experience, and
> plaintiff had made a statement to me to the effect -
> that I was responsible for the negligence of my
> employees - I did not follow up our last several
> telephone conversations with a letter.

20 Plaintiff's Ex. I, Affidavit of Michael Shinn, p. 3, ¶ 12.
21     Defendant's motion for summary judgment based on the statute
22 of limitations is denied. I find at least genuine disputed
23 issues of fact surrounding when plaintiff should have known that
24 her case was dismissed. There is, of course, no dispute that
25 plaintiff knew definitely the status of her case on April 3,
26 2003, when her cousin looked up her case on the Federal Court
27 PACER computer system and obtained the docket sheet. However, I
28 am not convinced that, as a matter of law, plaintiff should have

9 - OPINION AND ORDER

known that her case was dismissed any earlier.  Defendant mistakenly relies on the fact that plaintiff worked as a lawyer prior to her disability to excuse the fact that he did not communicate in writing the status of plaintiff's case.  As plaintiff notes, "the case defendant undertook to represent plaintiff in hinged on the fact that plaintiff is no longer able to practice law due to the extreme physical and mental trauma caused by her ex-husband when he assaulted her.  If anyone had a reason to believe he should follow up in writing, it was defendant."  Plaintiff's Response to Defendant's Summary Judgment Motion, p. 3.  I agree.  Further, I find evidence in the record supporting plaintiff's contention that both the defendant and defendant's legal assistant were continuing to prosecute her case, even after plaintiff discovered that defendant had missed the filing deadline.  Therefore, defendant's motion for summary judgment asserting that plaintiff's claims are barred by the statute of limitations is denied.

Further, plaintiff's motion for summary judgment on her negligence claim is granted.  Defendant admits liability therefore the only remaining issue is the amount of damages plaintiff suffered due to defendant's negligence.  The parties may brief this issue.

Plaintiff's motion for summary judgment on her fraud claim is denied.  Plaintiff has failed to set forth the legal standard for a fraud claim and to refer this court to undisputed facts in support of such a claim.

///

///

10 - OPINION AND ORDER

CONCLUSION

Plaintiff's summary judgment motion (docs. 36 and 38) is granted in part and denied in part as follows: plaintiff's motion is denied as to her claims for breach of contract and fraud, but granted as to her negligence claim. Defendant's summary judgment motion (doc. 53) is also granted in part and denied in part as follows: defendant's motion is granted as to plaintiff's breach of contract claim, and denied as to plaintiff's claims for negligence and fraud.

Finally, defendant's motion for sanctions (doc. 50) is denied. The court fully expects the parties to continue to cooperate with discovery and to immediately provide any outstanding material as soon as it is received by them.

The parties may proceed with plaintiff's fraud claim and the liability portion of plaintiff's negligence claim. The court will schedule a telephone conference to set a trial date in this case. IT IS SO ORDERED.

Dated this __7__ day of February 2006.

/s/ Ann Aiken
Ann Aiken
United States District Judge

11 - OPINION AND ORDER